**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

RONALD R. GENOVA,                          :
                                           :
              Plaintiff                    :   Civil Action
                                           :
              vs.                          :   No. 07-CV-03552
                                           :
THIRD-ORDER NANOTECHNOLOGIES, INC.,        :
PSI-TEC HOLDINGS, INC., and                :
UNIVERSAL CAPITAL MANAGEMENT               :
                                           :
              Defendants                   :
                                           :
_____

HENRY S. PERKIN                                    February 12, 2008
UNITED STATES MAGISTRATE JUDGE

### MEMORANDUM

This matter is before the court on the Motion of

Defendant, Universal Capital Management, Inc., to Dismiss

Plaintiff's Complaint Pursuant to Rule 12(b)(6).  The motion was

filed on September 4, 2007.[1]  For the reasons expressed below, we

grant Defendant's motion in part and deny it in part.

Specifically, we deny Defendant's motion to dismiss

Counts I, III, and IV of Plaintiff's Complaint.  Defendant's

motion to dismiss Count II is granted without prejudice for

Plaintiff to file an Amended Complaint with respect to his fraud

claim against Defendants Universal Capital Management, Inc.

("UCM"), Third-Order Nanotechnologies, Inc. ("Third Order") and

PSI-TEC Holdings, Inc. ("PSI").

---

[1]      On September 28, 2007, Ronald R. Genova's Memorandum in Opposition
to Universal Capital Management, Inc.'s Motion to Dismiss the Complaint was
filed.

PROCEDURAL HISTORY

This case commenced with the filing of a four-count civil Complaint in the Court of Common Pleas of Philadelphia County on or about July 23, 2007.  A Notice of Removal was subsequently filed by UCM on August 27, 2007.  Plaintiff Ronald R. Genova ("Genova") alleges two counts for breach of contract (Counts I and III), a fraud count (Count II) and a count for promissory estoppel (Count IV).

STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss examines the sufficiency of the Complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957).  When considering a motion to dismiss the court must accept as true all factual allegations in the Complaint and construe all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff.  Jurimex Kommerz Transit G.M.B.H. v. Case Corporation, 65 Fed. Appx. 803, 805 (3d Cir. 2003) (citing Lorenz v. CSX Corporation, 1 F.3d 1406, 1411 (3d Cir. 1993)).

> [T]he Federal Rules of Civil Procedure do not
> require a claimant to set out in detail the
> facts upon which [they base their] claim. To
> the contrary, all the Rules require is "a
> short and plain statement of the claim" that
> will give [defendants] fair notice of what
> the plaintiff[s'] claim is and the grounds
> upon which it rests.

Conley, 355 U.S. at 47, 78 S.Ct. at 103, 2 L.Ed.2d at 85.
(Internal footnote omitted.)

2

A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."  Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997) (citing D.P. Enter. Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984)).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  Morse, 132 F.3d at 906. (Citations omitted.)

In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the Complaint, exhibits attached to the Complaint, matters of public record, and documents that form the basis of the claim.  Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

## DISCUSSION

### Breach of Contract - Counts I and III

Defendant UCM contends that Counts I and III of Plaintiff's Complaint, which assert claims for breach of contract, must be dismissed because UCM was not a party to any of the alleged agreements which form the basis of Plaintiff's action.  In response, Plaintiff avers that his Complaint adequately pleads that UCM is a party to a contract with Genova and that all allegations in the Complaint must be accepted as true.  Plaintiff further contends that any disputed facts must be determined on a fully developed factual record and cannot be

3

decided on a motion to dismiss.

In his Complaint, Plaintiff avers that UCM is a venture partner to Third Order and PSI and, in that capacity, provides management advisory services to Third Order and PSI.  More specifically, Plaintiff avers that UCM advises and exercises control over financial decisions made by Third Order and PSI. Plaintiff further alleges that on August 25, 2005, Genova, PSI, and UCM executed a letter agreement engaging Genova as PSI's interim chief executive officer.  A copy of the agreement, albeit unsigned, is attached to Plaintiff's Complaint and specifically lists UCM's CEO, Michael D. Queen, as one of the parties to the agreement.  The Complaint also alleges that on May 30, 2006, Genova and PSI, in consultation with UCM, negotiated a letter agreement extending Genova's term as interim CEO to PSI.

Based on the allegations contained in Plaintiff's Complaint, which we must accept as true, we conclude that it is not free and clear from doubt that no agreement existed between Genova and UCM.  <u>Jurimex</u>, <u>supra</u>.  Accordingly, we deny Defendant's motion to dismiss Counts I and III.

<u>Fraud - Count II</u>

In its motion, UCM contends that Count II of Plaintiff's Complaint, which asserts a claim for fraud and seeks punitive damages as a result, must be dismissed because his claim is barred by the economic loss rule and the gist of the action

doctrine.  In addition, UCM maintains that Plaintiff's fraud claim fails to meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.  In response, Plaintiff avers that the economic loss doctrine and gist of the action doctrine do not bar fraud claims where (1) a party makes false representations to induce another to continue the relationship or (2) the contract is collateral to the fraud.  Plaintiff also maintains that his Complaint pleads fraud with the particularity required by Rule 9(b).  Finally, Plaintiff requests that, in the event any of his claims are dismissed, he be granted leave to file an amended complaint.

Rule 9(b) of the Federal Rules of Civil Procedure provides that "a party must state with particularity the circumstances constituting fraud or mistake."  Fed.R.Civ.P. 9(b).  The United States Court of Appeals for the Third Circuit has determined that in order to comply with the particularity requirement of a fraud claim, the following elements must be pled:

> (1) A specific false representation of material facts; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) the plaintiff acted upon it to his damage.

Christidis v. First Pennsylvania Mortgage Trust, 717 F.2d 96, 99 (3d Cir. 1983).

Based on our review of the Complaint, we conclude that the fraud allegations are insufficient to meet the particularity requirement of Rule 9(b).  Specifically, we note that although Plaintiff claims that Defendants made various misrepresentations to him, he does not specify the time, place, speaker, and content of the alleged misrepresentations.  See Saporito v. Combustion Engineering Inc., 843 F.2d 666, 675 n.15 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049 (1989)(citing Schreiber Distribution Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)(noting that Rule 9(b) requires that the pleader "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."))  Accordingly, we grant Defendant's motion to dismiss Count II of Plaintiff's Complaint.  In so doing, we also dismiss Plaintiff's claim for punitive damages.  At this time, we reserve comment on the economic loss rule and the gist of the action doctrine because, as more fully explained below, we will allow Plaintiff an opportunity to amend his fraud claim as well as his claim for punitive damages.

In this matter, Plaintiff has specifically requested leave to amend in the event that any of his claims were dismissed.  We recognize that Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is

served."  Fed.R.Civ.P. 15(a).  A motion to dismiss is not a
responsive pleading and does not extinguish the right to amend an
initial pleading.  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir.
2000); Kronfeld v. First Jersey National Bank, 638 F.Supp. 1454,
1460 (D. N.J. 1986).  Therefore, when a defendant asserts the
defense of failure to state a claim by motion, plaintiffs may
amend the complaint once "as a matter of course" without leave of
court.  Shane, 213 F.3d at 115.

Defendant UCM did not file an answer to Plaintiff's
Complaint but instead filed a motion to dismiss.  Because UCM has
not yet filed an answer to Plaintiff's Complaint, Plaintiff may,
as a matter of right, amend his fraud claim against UCM.
Fed.R.Civ.P. 15(a).  UCM's motion does not extinguish Plaintiff's
right to amend his Complaint.  Shane, 213 F.3d at 115; Kronfeld,
638 F.Supp. at 1460.  Accordingly, we grant Plaintiff's request
to file an Amended Complaint for the purpose of amending his
fraud claim as to UCM.

Although Defendants Third Order and PSI have already
filed an answer to Plaintiff's Complaint, we will allow Plaintiff
to file an Amended Complaint with respect to his fraud claim as
to them as well.  After an answer has been filed, plaintiffs may
amend only with leave of court or the written consent of the
opposing parties, but "leave shall be freely given when justice
so requires." Fed. R. Civ. P. 15(a); Shane, 213 F.3d at 115.

The United States Supreme Court has enumerated the circumstances under which leave to amend may be denied:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the
> leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In this case, it does not appear that allowing Plaintiff to amend his fraud claim against the remaining Defendants would cause undue delay.  This litigation is in its earliest stages and very little, if any, discovery or pre-trial preparation has taken place.  Accordingly, because leave to amend should be freely given and because Plaintiff is entitled to amend his Complaint as to Defendant UCM as of right, we likewise grant Plaintiff's request to file an Amended Complaint with respect to his fraud claim as to Defendants Third Order and PSI.  Plaintiff shall file his Amended Complaint by March 10, 2008.[2]

### Promissory Estoppel - Count IV

UCM further contends that Count IV of Plaintiff's Complaint, which asserts a claim for promissory estoppel, must be

---

[2]     Plaintiff should be mindful of the Christidis and Saporito cases cited *supra*, which set forth the requisite standard for pleading fraud in accordance with Rule 9(b).

dismissed because Plaintiff does not allege any promise by UCM upon which he relied to his detriment.  In short, UCM claims that Plaintiff's claim for promissory estoppel fails for the same reasons that Plaintiff's breach of contract claim fails.  In response, Plaintiff avers that his Complaint sufficiently pleads all of the elements for a claim of promissory estoppel against UCM.  More specifically, Plaintiff alleges that his Complaint adequately details the promises made by UCM and Third Order that induced him to continue working for them.  Plaintiff further contends that any disputed facts must be determined on a fully developed factual record and cannot be decided on a motion to dismiss.

In his Complaint, Plaintiff avers that Defendants, including UCM, repeatedly reassured him that once they received funding from a private placement offering, they would pay him for all of the amounts that they owed him.  The Complaint further avers that Defendants promised to pay Genova a performance bonus when PSI was in satisfactory financial condition and repeatedly promised Genova that they would honor their prior stock agreement.  Plaintiff's Complaint alleges that, in reliance on these repeated representations by both Third Order and UCM, Genova did not pursue other lucrative executive position opportunities which had been offered to him.

Based on the allegations contained in Plaintiff's Complaint, which we must accept as true, we conclude that it is not free and clear from doubt that no promise was made to Genova by UCM.  <u>Jurimex</u>, <u>supra</u>.  Accordingly, we deny Defendant's motion to dismiss Count IV.

<u>CONCLUSION</u>

For all the foregoing reasons, we deny Defendant's motion to dismiss Counts I, III, and IV of Plaintiff's Complaint. Defendant's motion to dismiss Count II is granted without prejudice for Plaintiff to file an Amended Complaint with respect to his fraud claim against Defendants UCM, Third Order, and PSI.

An appropriate Order follows.

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

RONALD R. GENOVA,                          :
                                           :
                Plaintiff                  :    Civil Action
                                           :    No. 07-CV-03552
        vs.                                :
                                           :
THIRD-ORDER NANOTECHNOLOGIES, INC.,        :
PSI-TEC HOLDINGS, INC., and                :
UNIVERSAL CAPITAL MANAGEMENT               :
                                           :
             Defendants                    :
                                           :

_____

## ORDER

        **AND NOW**, this        day of February, 2008, upon
consideration of the Motion of Defendant, Universal Capital
Management, Inc., to Dismiss Plaintiff's Complaint Pursuant to
Rule 12(b)(6)(Docket No. 2), which motion was filed on September
4, 2007; upon consideration of Ronald R. Genova's Memorandum in
Opposition to Universal Capital Management, Inc.'s Motion to
Dismiss the Complaint (Docket No. 9) filed September 28, 2007;

        **IT IS ORDERED** that the motion is granted in part and
denied in part.

        **IT IS FURTHER ORDERED** that Defendant's motion to
dismiss Counts I and III of Plaintiff's Complaint is denied.

        **IT IS FURTHER ORDERED** that Defendant's motion to
dismiss Count II of Plaintiff's Complaint is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until March 10, 2008 to file an Amended Complaint with respect to Count II.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Count IV of Plaintiff's Complaint is denied.

BY THE COURT:

_____

HENRY S. PERKIN,
United States Magistrate Judge